UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINDA CASHMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-645** |
| **MR. B.'S BISTRO, INC.** | **SECTION D (5)** |

### ORDER

Before the Court is Defendant Mr. B's Bistro, Inc.'s Motion for Summary Judgment.[1] Plaintiff has filed an Opposition,[2] and Defendant has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

### I.     FACTUAL BACKGROUND

This dispute arises from a fall in front of a restaurant in the French Quarter. On June 2, 2019, Linda Cashman was waiting in line outside of Mr. B's Bistro in the French Quarter.[4] Cashman testified that as she moved forward with the line to enter the restaurant she tripped and fell, injuring herself.[5] Cashman later sued Mr. B's in state court, alleging that Mr. B's was responsible for her fall.[6] The suit was removed to federal court on the basis of diversity jurisdiction.[7]

---

[1] R. Doc. 24.
[2] R. Doc. 26.
[3] R. Doc. 31.
[4] *See* R. Doc. 24-6 at 40-41.
[5] *See id.* at 41-42.
[6] *See generally* R. Doc. 1-2 (state court petition).
[7] R. Doc. 1.

Mr. B's now moves for summary judgment on Plaintiff's claims.[8] Mr. B's argues that the step Plaintiff allegedly tripped over did not present an unreasonable danger because it was open and obvious. Mr. B's also argues that Plaintiff is responsible for her own harm because she was not watching where she was walking. Cashman opposes Mr. B's Motion.[9] She argues that the step over which she tripped presented an unreasonable risk of danger based on a series of "undisputed" facts, including that the slate was the same color as the sidewalk and that the step lacked a contrasting white marker. Plaintiff argues that an analysis under Louisiana Civil Code article 2317.1 demonstrates that the defect was unreasonably dangerous. She also relies on the testimony of Mitchell Wood, a purported expert offering his view on the dangers presented by step. Mr. B's has filed a Reply[10] in which it disputes many of the facts relied on by Cashman as either irrelevant or unsubstantiated. Mr. B's also reiterates its argument that Cashman is responsible for her fall because she was not watching where she was going and, as a result, tripped and fell.

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[11] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making

---

[8] R. Doc. 24.
[9] R. Doc. 26.
[10] R. Doc. 31.
[11] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).

credibility determinations or weighing the evidence."[12]  While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[13]  Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[14]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[15]  The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[16]  If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[17]  The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to

---

[12] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[13] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[14] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[15] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[16] *Id.* at 1265.
[17] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[18]

### III. ANALYSIS

The primary question presented by Mr. B's Motion is whether, viewing the facts in light most favorable to Cashman, the step into Mr. B's restaurant can be viewed as an unreasonably dangerous condition that caused Cashman's injuries. Louisiana has codified custodial liability in Louisiana Civil Code article 2317.1, which provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.[19]

Under this article, Cashman must prove: (1) the property that caused the damage was in the "custody" of Mr. B's; (2) the property had a condition that created an unreasonable risk of harm to persons of the premises; (3) the unreasonably dangerous condition was a cause-in-fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk.[20]  Here, the parties primarily dispute the second factor: whether the step outside of Mr. B's creates an unreasonable risk of harm.  To determine a whether a condition is "unreasonably dangerous" courts

---

[18] *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553 (*quoting* Fed. R. Civ. P. 56(e)).
[19] La. Civ. Code art. 2317.1.
[20] *See, e.g., White v. BRE NOLA Property Owner, LLC*, No. 17-7907, 2018 WL 3036338, at *3 (E.D. La. June 19, 2018) (citing *Ledet v. United States*, 16-383, 2018 WL 2010024, at *2-3 (E.D. La. Apr. 30, 2018)).

employ a risk-utility balancing test, under which they consider the following four factors: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of the harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility, or whether it is dangerous by nature."[21]  Mr. B's contests only the second prong of this test: the likelihood and magnitude of the harm. As Defendant notes, this factor considers whether the condition at issue was open and obvious.[22] Mr. B's contends that because the step in front of the restaurant is a plainly open and obvious condition it would have been apparent to Plaintiff had she exercised reasonable care.

"Under Louisiana law, a defendant generally does not have a duty to protect against that which is obvious and apparent."[23]  Moreover, "[a] landowner is not liable for an injury which results from a condition which should hthat ite been observed by the individual in the exercise of reasonable care or which was as obvious to a visitor as it was to the landowner."[24]  "In order for a defect to be considered open and obvious, the danger created by that defect must be apparent to all, *i.e.*, everyone who may potentially encounter it."[25]  Importantly though, Louisiana courts have considered whether a condition is apparent, and therefore whether it is unreasonably dangerous,

---

[21] *Dauzat v. Curnest Guillot Logging, Inc.*, 995 So. 2d 1184, 1186-87 (La. 2008) (citing *Hutchinson v. Knights of Columbus*, 866 So. 2d 228, 234-35 (La. 2004)).
[22] *Dauzat*, 995 So. 2d at 1187.
[23] *Bufkin v. Felipe's Louisiana, LLC*, 171 So. 3d 851, 856 (La. 2014).
[24] *Williams v. Leonard Chabert Medical Center*, 744 So. 2d 206, 211 (La. App. 1 Cir. 1999).
[25] *Williams v. Liberty Mutual Fire Ins. Co.*, 217 So. 3d 421, 425 (La. App. 1 Cir. 2017).

to be a question of fact.[26] Cashman has produced at least some evidence, in the testimony of its expert Mitchell Wood,[27] that the step was not sufficiently "open and obvious" to someone walking into the restaurant and therefore could present an unreasonable risk. Courts have denied summary judgment in similar situations where there is expert testimony suggesting a condition is unreasonably dangerous.[28] The Court acknowledges that Plaintiff's evidence is thin, particularly given the fact that the step can be viewed plainly in front of the restaurant.[29] But because the Court must "refrain from making credibility determinations or weighing the evidence,"[30] this question of fact is reserved for the jury.

Mr. B's also argues that Cashman herself is responsible for her fall because she was not looking where she was going. Mr. B's correctly cites *Williams v. Liberty Mutual Insurance Co.* "A pedestrian has a duty to see that which should be seen and is bound to observe his course to see if his pathway is clear."[31] The testimony that Defendant relies on to support this argument is ambiguous. Although Cashman stated that she was not looking down,[32] she also stated that she "couldn't see the step"[33] and that she was "looking forward where [she] was – to the direction that [she]

---

[26] *See Hutchinson*, 866 So. 2d at 234-35 (affirming the reversal of summary judgment because a court weighed evidence in determining that a condition was not unreasonably dangerous); *Williams*, 744 So. 2d at 209 (noting it is for the trier of fact to determine whether a condition is unreasonably dangerous).
[27] R. Doc. 26-2.
[28] *See, e.g., White v. BRE NOLA Property Owner, LLC*, No. 17-7907, 2018 WL 3036338, at *4 (E.D. La. June 19, 2018); *see also Ledet v. United States*, 16-383, 2018 WL 2010024, at *3 (E.D. La. Apr. 30, 2018).
[29] *See* R. Doc. 24-2 at 3.
[30] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[31] *Williams v. Liberty Mutual Fire Ins. Co.*, 217 So. 3d 421, 427 (La. App. 1 Cir. 2017).
[32] R. Doc. 24-6 at 44-45.
[33] *Id.* at 42.

was going."³⁴  At trial, Mr. B's may likely press the argument that Cashman was in fact responsible for her fall because she did not take adequate care to observe her path as she entered the restaurant.  But Cashman's deposition testimony, viewed in the light most favorable to Cashman, as required at this stage, if left uncontroverted would not entitle Defendant to a directed verdict at trial.³⁵  Accordingly, summary judgment must be denied.

IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana, January 6, 2021.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**United States District Judge**

---

³⁴ *Id.* at 44.
³⁵ *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).